IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02739-BNB

RICKY ANDREW THOMPSON,

      Plaintiff,

v.

OUACHITA PARISH (LA),

      Defendant.

_____

ORDER OF DISMISSAL

_____

Plaintiff, Ricky Andrew Thompson, currently is incarcerated at the Ouachita

Correctional Center in Monroe, Louisiana.  Mr. Thompson, acting *pro se*, attempted to

initiate this action by filing a motion for change of venue (ECF No. 1).  The Court

reviewed the motion and determined it was deficient.  Therefore, on October 22, 2012,

Magistrate Judge Boyd N. Boland directed Mr. Thompson to cure certain enumerated

deficiencies in the case within thirty days if he wished to pursue his claims.

The October 22 order pointed out that Mr. Thompson failed either to pay the

$350.00 filing fee or to submit a Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account

statement for the six-month period immediately preceding this filing obtained from the

appropriate prison official.  Subsection (a)(2) of 28 U.S.C. § 1915 requires submission

of "a certified copy of the trust fund account statement (or institutional equivalent) for the

prisoner for the 6-month period immediately preceding the filing of the complaint . . .

obtained from the appropriate official of each prison at which the prisoner is or was confined." The October 22 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement. The October 22 order also directed Mr. Thompson to submit a Prisoner Complaint.

The October 22 order warned Mr. Thompson that the action would be dismissed without prejudice and without further notice if he failed to cure the designated deficiencies within thirty days. Mr. Thompson has failed within the time allowed to cure the designated deficiencies or otherwise to communicate with the Court in any way. Therefore, the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed, and for failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Thompson files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Ricky Andrew Thompson, within the time allowed, to cure the deficiencies designated in the order to cure of October 22, 2012, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that the motion for change of venue (ECF No. 1) is denied as moot.

DATED at Denver, Colorado, this  29th  day of    November       , 2012.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court